IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

```
HOUSTON COMMUNITY HOSPITAL,      §
                                 §
            Plaintiff,           §
                                 §
v.                               §
                                 §   CIVIL ACTION NO. H-04-2230
BLUE CROSS BLUE SHIELD OF TEXAS, §
a Division of HEALTH CARE        §
SERVICE CORPORATION, et al.,     §
                                 §
            Defendants.          §
```

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the Motion of defendants, Blue Cross Blue Shield of Texas, a division of Health Care Service Corporation, and Southwest Texas HMO, Inc. d/b/a HMO Blue Texas, for Attorney's Fees and Judgment (Docket Entry No. 56) to which plaintiff, Houston Community Hospital, has responded (Docket Entry No. 57).

The sole issue raised by the motion is whether defendants are entitled to recover attorney's fees on their counterclaim for unjust enrichment. Having reviewed the authorities submitted by the parties, the court is persuaded that attorney's fees are not recoverable in Texas on a claim of unjust enrichment. Mobil Producing Texas & New Mexico, Inc. v. Cantor, 93 S.W.3d 916 (Tex.

App. -- Corpus Christi 2002, no pet.).  Although, as defendants point out, Texas courts do allow recovery of attorney's fees on quantum meruit claims, those claims are analogous to claims for breach of contract while unjust enrichment is generally considered to be a tort claim.  The court concludes that authorities approving the award of attorney's fees on quantum meruit claims are not applicable to this case.  For the same reason the court concludes that <u>Chitsey v. Lockshin</u>, 2001 WL 1337576 (Tex. App. -- Austin 2001, no pet.) (not designated for publication), is not persuasive because it relies on cases allowing recovery of attorney's fees on quantum meruit claims to support the award of attorney's fees on an unjust enrichment claim.

Accordingly, defendants' Motion for Attorney's Fees (Docket Entry No. 56) is **DENIED**.

**SIGNED** at Houston, Texas, on this 11th day of August, 2005.

SIM LAKE
UNITED STATES DISTRICT JUDGE